The document below is hereby signed.

Signed: April 3, 2013



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERTA CHERRY, | ) | Case No. 12-00803 |
| Debtor. | ) | (Chapter 7) |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
MOTION TO APPEAR ON BEHALF OF THE DEBTOR

On December 5, 2012, Roberta Cherry signed the petition that commenced this case when it was filed on December 7, 2012. She subsequently executed and filed her schedules and other papers required to be filed within 14 days after the commencement of the case. In January 2013, however, Cherry was hospitalized in Baltimore, Maryland, and remains in an intensive care unit. She has been unable to appear in person and testify at a meeting of creditors under 11 U.S.C. § 341.

Annette M. Mercer has filed a motion seeking to appear on behalf of the debtor. Mercer does not specify what she means by asking to appear on behalf of the debtor. She may be seeking authority to appear and testify on behalf of the debtor at the meeting of creditors. The chapter 7 trustee and the United

States Trustee have opposed Mercer's motion.

Mercer has attached to her motion a power of attorney, which the debtor executed in 2010, whereby the debtor designated Mercer as her attorney-in-fact ("Agent"), with the power of attorney specifying in relevant part:

> 1. Authority to Act.  The Agent is authorized to act for me under this Power of Attorney and shall exercise all powers in my best interests and for my welfare.
>
> 2. Powers of Agent. The Agent shall have the full power and authority to manage and conduct all of my affairs, and to exercise my legal rights and powers, including those rights and powers that I may acquire in the future, including the following:
>
> 3. Collect and Manage.  To collect, hold, maintain, improve, invest, lease, or otherwise manage any or all of my real or personal property or any interest therein;
>
>> (a) Buy and Sell.  To purchase, sell, mortgage, or otherwise deal in any way in any real property or personal property, tangible or intangible, or any interest therein, upon such terms as the Agent considers proper.
>>
>> (b) Business and Banking.  To conduct and participate in any kind of lawful business of any nature or kind, including the right to sign, continue, reorganize, close, liquidate, sell, or dissolve any and all business; including the exercise of any stock options; to receive and endorse checks and other negotiable paper, deposit and withdraw funds (by check or withdrawal slips) that I now have on deposit or to which I may be entitled in the future in or from any bank, savings and loan, or other institution;
>>
>> (c) Tax Returns and Reports.  To prepare, sign, and file income tax returns and other governmental reports and documents; to consent to any gift; to file any claim for tax refund; and to represent me in all matters before the Internal Revenue Service;

    (d) Safe Deposit Boxes.  To have access to any safety deposit box registered in my name alone or jointly with others, and to remove any property or papers located therein;

    (e) Proxy Rights.  To act as my Agent or proxy for any stocks, bonds, shares, or other investments, rights, or interests I may now or hereafter hold;

    (f) Legal and Administrative Proceedings.  To engage in any administrative or legal proceedings or lawsuits in connection with any matter herein;

    (g) Delegation of Authority.  To engage and dismiss counsel, in connection with any matter, upon such terms as my Agent determines;

    (h) Restrictions on Agent's Powers. Regardless of the above statements, my Agent (i) cannot execute a will, a codicil, or any will substitute on my behalf; and (ii) cannot change the beneficiary on any life insurance policy that I own that I have executed whether prior or subsequent to the execution of this Power of Attorney.

The power of attorney does not authorize Mercer to act on behalf of the debtor with respect to all claims and litigation. Paragraph 3 of the power of attorney deals with managing and collecting property, and it is only in paragraph 3(f) that Mercer is authorized to "engage in any administrative or legal proceedings or lawsuits in connection with any matter herein." The power of attorney is insufficient to permit Mercer to engage in legal proceedings other than in connection with collecting and managing property.  The bankruptcy case does not deal with the debtor's collection and management of her property.  Instead, the debtor in a case under chapter 7 of the Bankruptcy Code

surrenders her property (other than exempt property), to a trustee to administer and attempts to obtain a discharge of debts.

The power of attorney here differs from the statutory form of power of attorney contained in D.C. Code § 21-2101 (2001) which permits a power of attorney to extend to "(I) Claims and litigation." In turn, D.C. Code § 21-2112 provides:

> in a statutory power of attorney the language with respect to claims and litigation empowers the agent to:
> . . .
>    (7) Act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or some other person, with respect to a reorganization proceeding, or receivership or application for the appointment of a receiver or which affects the interests of the principal in property or other thing of value[.]

Even if the power of attorney had broadly granted Mercer power over claims and litigation, as in the case of a statutory power of attorney under § 21-2101, that power would not extend to permit Mercer to act as a lawyer for the debtor. *See Foster v. Sligar (In re Foster)*, 2012 WL 6554718, at *5-6 (B.A.P. 9th Cir. Dec. 14, 2012). Accordingly, Mercer may not file pleadings or motions on behalf of the debtor unless she were to employ an attorney to act on the debtor's behalf. *Id.* So it is clear that the motion must be denied to the extent that it seeks permission to appear and advance legal positions on behalf of the debtor.

That ruling extends to the instant motion to the extent that it only seeks permission to appear at the meeting of creditors

and to testify on behalf of the debtor.  Mercer wants to advance the legal position that the power of attorney authorizes her to appear and testify.  Advancing that legal position on behalf of the debtor, however, itself constitutes the practice of law.

Even if I were not to reject the motion for the foregoing reasons, Mercer has not established that the court should allow her to appear and testify on behalf of the debtor.  William Douglas White, the chapter 7 trustee, argues:

> The difficulty with the motion is that even assuming the power of attorney is valid, it would not permit Mercer to testify on behalf of the Debtor.  The testimony of the Debtor at the meeting of creditors is required by the Bankruptcy Code and Rules.
>
> In circumstances where the Debtor is hospitalized but is otherwise competent, it would be appropriate to permit her to testify telephonically at specially arranged meeting of creditors in the presence of a notary public who could administer the oath and verify the Debtor's identity.  On the other hand, if the Debtor is not competent to testify, then a fiduciary or guardian should be appointed on her behalf by a court of proper jurisdiction.  Under those circumstances, the guardian would be permitted to testify at a meeting of creditors on behalf of the Debtor.

Under 11 U.S.C. § 343, a debtor is required to "appear and submit to examination under oath at the meeting of creditors," and that obligation is not met by someone else testifying on the debtor's behalf.  *See Camp v. Morey (In re Gov't Sec. Corp.)*, 107 B.R. 1012, 1021 (S.D. Fla. 1989) (as a witness, an attorney-in-fact cannot testify as to the debtor's personal knowledge and is permitted to testify only as to matters within her personal

knowledge). A debtor's obligation under § 343 to appear and testify is not delegable. *In re Moore*, 309 B.R. 725, 727 (Bankr. N.D. Tex. 2002) ("Although the debtor has given her a power of attorney, that does not elevate her to the functional status of the debtor, under law.").

Here, no allegation has been made that arrangements cannot be made for the debtor to testify as suggested by the trustee. If arrangements cannot be made for the debtor to testify as suggested by the trustee, *i.e.*, if the debtor is incompetent or incapable of testifying, the court at that juncture can decide who can act in lieu of the debtor at a meeting of creditors. The court's limited review suggests that if the debtor is incapable of testifying then only someone, other than an attorney-in-fact under a power of attorney, authorized under the law to act in place of the debtor, may testify in place of the debtor. For example, when a debtor dies, the only person who can then appear on the debtor's behalf is the person named as official representative of the probate estate of the debtor. *See In re Lucio*, 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000).

Some courts suggest that for good cause a court may excuse the debtor's appearance at the meeting of creditors. *See, e.g.*, *In re Bergeron*, 235 B.R. 641 (Bankr. N.D. Cal. 1999); *In re Stewart*, 14 B.R. 959, 961 (Bankr. N.D. Ohio 1981). No motion for such relief has been filed, and the option of appointing a legal

6

representative with authority to act on behalf of the debtor suggests that the statutory requirement that the debtor *shall* appear and testify at the meeting of creditors ought to be construed literally, and thus, as held by other courts, the court cannot grant a motion to excuse the § 343 obligation. *See, e.g., In re Agan*, 285 B.R. 324, 326 (Bankr. W.D. Okla. 2002); *In re Martin*, 12 B.R. 319 (Bankr. S.D. Ala. 1981).

But the issue might never arise.  Assume that the debtor becomes incapacitated and as a result does not testify as required by § 343.  At that juncture, the trustee might decide not to raise the issue and decide to file a final report (or a report of no distribution), to which no party in interest objects, and parties in interest might decide not to object to the debtor's obtaining a discharge.  Without the issue having been raised by the trustee or another party in interest, the issue would be waived.  The § 343 requirement is for the protection of creditors, and they and other parties in interest can decide whether the circumstances warrant their not pressing the issue.

For all of these reasons, it is

ORDERED that the motion filed by Annette M. Mercer to appear on behalf of the debtor is DENIED.

[Signed and dated above.]

Copies to: Debtor; Annette M. Mercer; recipients of
e-notification of orders.